1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    THOMAS COLABINE,                         No.  No.  2:15-cv-0660 AC P

12                    Plaintiff,

13          v.                                  ORDER

14    SACRAMENTO COUNTY OFFICE OF
      THE PUBLIC DEFENDER, et al.,
15
                      Defendants.
16

17

18          Plaintiff is a state prisoner proceeding pro se with a civil rights complaint and motion to

19    proceed in forma pauperis.  Plaintiff has consented to the jurisdiction of the undersigned

20    Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c), and Local Rule 305(a).  See

21    ECF No. 4.

22          The only named defendant in this action is Hilary Davisson, the Sacramento County

23    Public Defender who represented plaintiff in a criminal matter before the Sacramento County

24    Superior Court, in Case No. 12F06176.  Review of the website operated by the California courts[1]

25    _____

26    [1] This court may take judicial notice of its own records and the records of other courts.  See
      United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631
27    F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts
      that are capable of accurate determination by sources whose accuracy cannot reasonably be
28    questioned).

                                                   1

1    indicates that this matter was appealed to the Court of Appeal, Third Appellate District, and a

2    decision confirming plaintiff's conviction was issued by that court on March 23, 2015, in Case

3    No. C074144.  Plaintiff filed his complaint in this action on the same day, alleging that Ms.

4    Davisson provided ineffective assistance of counsel at trial.  Plaintiff seeks another jury trial and

5    damages.

6         In order to state a claim under Section 1983, a plaintiff must allege that:  (1) the defendant

7    was acting under color of state law at the time of the challenged conduct; and (2) defendant's

8    conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or other

9    laws of the United States.  Parratt v. Taylor, 451 U.S. 27, 535 (1981), overruled on other grounds,

10   Daniels v. Williams, 474 U.S. 327 (1986).

11        It is well established that public defenders do not act under color of state law for purposes

12   of Section 1983 when representing a criminal defendant.  Polk County v. Dodson, 454 U.S. 312,

13   325 (1981).  This is because "[t]he decisions made by the public defender in the course of

14   representing [her] client were framed in accordance with professional canons of ethics, rather

15   than dictated by any rule of conduct imposed by the State."  Blum v. Yaretsky, 457 U.S. 991,

16   1009 (1982) (citing Polk, 454 U.S. at 318).  For this reason, plaintiff is unable to state a

17   cognizable civil rights claim against his public defender, thus requiring dismissal of this action.

18        Plaintiff is informed, however, that after he has exhausted his claims in the California

19   Supreme Court,[2] he may seek to pursue a federal petition for writ of habeas corpus pursuant to 28

20   U.S.C. § 2254.  Habeas corpus is the exclusive remedy for a prisoner to challenge his conviction

21   and/or sentence.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  However, a habeas claim

22   must first be exhausted in the state's highest court before it may be raised in federal court.  See

23   Rose v. Lundy, 455 U.S. 509 (1982).

24        Accordingly, IT IS HEREBY ORDERED that:

25        1.  This action is dismissed without prejudice, see Fed. R. Civ. P. 41(b);

26        2.  Plaintiff's motion to proceed in forma pauperis is denied as moot; and

27

28

---

[2]  Review of the California courts' website indicates that plaintiff has not yet pursued in the California Supreme Court the Court of Appeal's March 25, 2015 decision in Case No. C074144.

3.  The Clerk of Court is directed to close this case.

DATED: April 27, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE